# EXHIBIT A

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| **Sejma "Shay" Becirovic,**<br><br>Plaintiff,<br><br>v.<br><br>**Paycor, Inc.,**<br><br>**Serve At:**<br>National Registered Agents, Inc.<br>5561 Telegraph Road, Ste. 4B<br>St. Louis, MO 63129<br><br>Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**PETITION**

Plaintiff Sejma "Shay" Becirovic, for her Petition against Defendant Paycor, Inc. ("Paycor"), states as follows:

INTRODUCTION

1. Plaintiff Shay Beciriovic is bringing this lawsuit to seek redress for unlawful employment discrimination and retaliation based on her sex (pregnancy). Thus, Becirovic brings claims for redress under the Missouri Human Rights Act ("MHRA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Pregnant Workers Fairness Act ("PWFA").

PARTIES AND JURISDICTION

2. Becirovic is an individual who is a Missouri resident and citizen.

3. Becirovic's sex is female.

4. Paycor is a Delaware corporation that regularly transacts business in the State of Missouri.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

5. Paycor is human capital management ("HCM") company that provides HR, management, and payroll solutions for small and medium-sized businesses across the United States.

6. Paycor had more than 500 employees for 20 or more calendar weeks in 2024, 2025, and 2026.

7. Paycor is an "employer" as defined by Title VII and the PWFA.

8. Paycor had six or more employees in Missouri for 20 or more calendar weeks in 2024, 2025, and 2026.

9. Paycor is an "employer" as defined by the MHRA.

10. Venue is proper in this Court because Becirovic worked for Paycor in St. Louis County, Missouri and was in St. Louis County, Missouri when she was notified of her termination on April 14, 2025.

## Exhaustion of Administrative Remedies

11. On August 7, 2025, Becirovic timely filed a Charge of Discrimination against Paycor with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 560-2025-03895, and the Missouri Commission on Human Rights ("MCHR"), Charge No. FE-08/25-39486, alleging sex discrimination and retaliation based on her pregnancy.

12. On February 6, 2026, Becirovic timely amended her above-listed charge of discrimination.

13. Becirovic's original and amended charges of discrimination provided the EEOC and MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be, and is, as broad as the scope of an EEOC or MCHR investigation that could reasonably be expected to have grown out of the charges.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

14. Becirovic was issued a Notice of Right to Sue from the EEOC dated July 21, 2026.

15. Becirovic was issued a Notice of Right to Sue from the MCHR dated August 26, 2026.

16. Becirovic has satisfied all private, administrative, and judicial prerequisites to the institution of this action, and this Petition was filed within the applicable statute of limitations.

**FACTS COMMON TO ALL COUNTS**

17. Becirovic began working for Paycor, Inc. in September 2024 as a Major Market Sales Executive.

18. Becirovic was on a team of 10 sales executives and was 1 of 2 women on her team.

19. During her first 2 quarters with Paycor (Q4 2024 and Q1 2025), and before going on maternity leave in mid-March 2025, Becirovic surpassed her sales quota and outperformed numerous male sales representatives on her team who were either hired at the same time as her or months before her.

20. For example, Becirovic closed her first deal before Brian Correnti and Alexander Moore, 2 male sales representatives who were hired at the same time as her.

21. Becirovic also closed her first deal months before another male sales representative, Matthew Kimbal, despite Mr. Kimbal being hired 4-5 months *before* Becirovic was.

22. Because of Becirovic's performance, she was the only member of her team invited to a company awards dinner in mid-January 2025.

23. In early January 2025, Becirovic told Paycor Human Resources and her direct manager, Regional Sales Manager Tom Preusser, that she was pregnant.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

24. Per her communications with HR, Becirovic was to begin parental leave on March 19, 2025, and remain off work for 12 weeks after giving birth under the company's parental leave policy. She was scheduled to return to work on June 19, 2025.

25. But shortly after telling the company and Mr. Preusser that she was pregnant, Becirovic's employment was negatively impacted in numerous ways.

26. Almost immediately after disclosing her pregnancy, Becirovic was ostracized at the company awards dinner she had been originally invited to because of her good performance.

27. Becirovic was also given fewer leads than before announcing her pregnancy; existing accounts were removed from her portfolio; her territory was altered; and other members of her team (all of whom were not pregnant and/or male) were given more accounts and more strategic territories to work with.

28. Approximately 70% of the leads and accounts Becirovic was expected to prospect were either closed businesses or did not meet Paycor's stated "major market" criteria (50+ employees)—making it extremely difficult for Becirovic to meet her sales quota.

29. Becirovic was also unfairly forced to split 1 of the 2 deals she closed with a non-pregnant team member, even though the deal was generated based on Becirovic's resources and connections.

30. A male colleague even commented to Becirovic that he was "surprised" Becirovic still had a job after disclosing her pregnancy, and another said that Becirovic was only kept on by the company to avoid a lawsuit.

31. In January 2025 (the same month that Becirovic told Paycor about her pregnancy), it became public that Paycor was merging with Paychex—a payroll and human resources company similar to Paycor.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

32. When the merger was formally announced to Becirovic's team in a meeting, she and her team members were assured by the West Coast VP John Ortwerth, Area Sales Manager Brett Allen, and Preusser their employment was secure despite the buyout.

33. This was largely due to Paychex's St. Louis-based sales executives not having the knowledge and expertise to work a large marketplace (which Becirovic's team did).

34. This last-minute meeting was called because Becirovic and other members of her team first learned about the merger by seeing it on the news the weekend before, and Paycor wanted to reassure Becirovic and her team that their jobs were not at risk.

35. Becirovic began parental leave on March 19 as scheduled and gave birth to her son the next day, March 20.

36. On April 14, 2025, Becirovic received a phone call from Allen and was told—**less than 4 weeks after giving birth**—that her "role was being eliminated" as part of the merger with Paychex.

37. On information and belief, no other roles on Becirovic's team were eliminated as part of the merger.

38. The 3 male sales representatives on Becirovic's team discussed earlier herein remained employed despite being hired at the same time or before Becirovic and not closing their first deals until *after* she did.

39. Indeed, neither Correnti nor Moore secured the amount of new business that Becirovic had prior to going on parental leave. Their sales would have only matched Becirovic's after she went on leave—but they and other non-pregnant members of Becirovic's team were retained and remain employed with Paycor.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

40. After being terminated, Becirovic received a "service letter" from Paycor dated June 12, 2025. Therein, Paycor again stated that Becirovic was "terminated on April 14, 2025 because [her] role was eliminated as a result of the merger between Paycor, Inc. and Paychex, Inc."

41. But in the months after Becirovic's termination, Paycor posted numerous job openings for "sales executive" roles that aligned with her previous job duties—indicating that Becirovic's role was not actually eliminated.

42. Approximately 3 months after Becirovic filed her original charge of discrimination against Paycor, the company offered her reinstatement in November 2025. No explanation was given for the reinstatement offer.

43. Becirovic reasonably declined because reinstatement would have required her to return to work under Preusser and Allen, who negatively altered the terms and conditions of her employment after learning she was pregnant.

44. On March 16, 2026, Paycor submitted its position statement to the EEOC in response to Becirovic's original and amended charges of discrimination.

45. Therein, Paycor claims for the first time that "Becirovic was inadvertently selected to be part of a company-wide reduction in force impacting hundreds of employees."

46. The position statement also admits that Becirovic's performance did *not* fall within the established RIF criteria.

47. Despite this, Paycor claims Becirovic was accidentally terminated anyway due to "human error," but the company is unable to determine how.

48. Importantly, the position statement makes no mention of Becirovic's "role" being eliminated as previously represented to Becirovic both during her termination call and in Paycor's service letter dated June 12, 2025.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

49. Paycor's admitted deviation from its established RIF criteria in terminating Becirovic's employment is evidence of unlawful discrimination based on Becirovic's pregnancy and use of parental leave.

50. Paycor's shifting explanations for the termination of Becirovic's employment are evidence of pretext designed to mask unlawful discrimination based on Becirovic's pregnancy and use of parental leave.

## COUNT I
## SEX (PREGNANCY) DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT & TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

51. Becirovic realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

52. As set forth above, Paycor unlawfully discriminated against Becirovic based on her sex (pregnancy) and terminated her employment on April 14, 2025—less than 4 weeks after Becirovic gave birth.

53. Becirovic's pregnancy was a motivating factor in Paycor's above-described discriminatory actions and its decision to terminate her employment.

54. At the time of her discharge, Becirovic was qualified for her position and met or exceeded Paycor's legitimate performance expectations.

55. Indeed, Paycor has admitted that Becirovic did *not* fall within its established RIF criteria and should not have been terminated as part of the RIF.

56. Paycor's actions and omissions constitute unlawful employment practices in violation of the MHRA.

57. Paycor's actions and omissions constitute unlawful employment practices in violation of Title VII.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

58. As a direct result of Paycor's unlawful employment practices, Becirovic has suffered damages in the form of lost wages, bonuses, and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

59. Additionally, Becirovic has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

60. Paycor's conduct was outrageous because of its evil motive or reckless indifference to Becirovic's rights and, as such, warrants an award of punitive damages in such sum as will serve to punish Paycor and to deter it and others from like conduct.

**Wherefore,** Becirovic demands judgment against Paycor and prays for: (1) a sum of money in excess of $25,000 making Becirovic whole for the harm caused, including compensatory damages, back pay, front pay, lost bonuses and benefits, damages for emotional distress, humiliation, and diminished employment status; (2) temporary, preliminary, and/or permanent injunctive relief; (3) punitive damages to punish and deter future unlawful actions by Paycor; (4) costs and expenses of litigation and a reasonable sum for attorneys' fees; (5) pre-judgment interest; and (6) such other and further equitable and legal relief as this Court deems just and proper.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

61. Becirovic realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

62. Becirovic engaged in protected activities as defined by Title VII when she disclosed her pregnancy, requested parental leave, and utilized parental leave for the birth of her child.

63. As set forth above, Paycor unlawfully retaliated against Becirovic and terminated her employment on April 14, 2025—less than 4 weeks after Becirovic gave birth.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

64. Becirovic's participation in protected activities was a motivating factor in Paycor's retaliatory actions and its decision to terminate her employment.

65. At the time of her discharge, Becirovic was qualified for her position and met or exceeded Paycor's legitimate performance expectations.

66. Indeed, Paycor has admitted that Becirovic did *not* fall within its established RIF criteria and should not have been terminated as part of the RIF.

67. Paycor's actions and omissions constitute unlawful employment practices in violation of Title VII.

68. As a direct result of Paycor's unlawful employment practices, Becirovic has suffered damages in the form of lost wages, bonuses, and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

69. Additionally, Becirovic has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

70. Paycor's conduct was outrageous because of its evil motive or reckless indifference to Becirovic's rights and, as such, warrants an award of punitive damages in such sum as will serve to punish Paycor and to deter it and others from like conduct.

**Wherefore,** Becirovic demands judgment against Paycor and prays for: (1) a sum of money in excess of $25,000 making Becirovic whole for the harm caused, including compensatory damages, back pay, front pay, lost bonuses and benefits, damages for emotional distress, humiliation, and diminished employment status; (2) temporary, preliminary, and/or permanent injunctive relief; (3) punitive damages to punish and deter future unlawful actions by Paycor; (4) costs and expenses of litigation and a reasonable sum for attorneys' fees; (5) pre-judgment interest; and (6) such other and further equitable and legal relief as this Court deems just and proper.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

## COUNT III
### RETALIATION IN VIOLATION OF THE PREGNANT WORKERS FAIRNESS ACT

71. Becirovic realleges and incorporates by reference the allegations in all above-listed paragraphs as if fully set forth and restated herein.

72. Becirovic's pregnancy and use of parental leave were known to Paycor and directly arose of her pregnancy and childbirth.

73. Becirovic was able to perform the essential functions of her job as a Major Market Sales Executive with or without reasonable accommodation, or her inability to do so was temporary and solely due to her use of parental leave.

74. Becirovic sought reasonable accommodation by requesting parental leave pursuant to Paycor's policy for her pregnancy and childbirth.

75. Despite being approved for parental leave, Paycor unlawfully terminated Becirovic's employment less than 4 weeks after she gave birth and while she was still on leave.

76. At the time of her discharge, Becirovic was qualified for her position and met or exceeded Paycor's legitimate performance expectations.

77. Paycor's actions and omissions constitute unlawful employment practices in violation of the PWFA.

78. As a direct result of Paycor's unlawful employment practices, Becirovic has suffered damages in the form of lost wages and benefits of employment, future wages, emotional distress, humiliation, and diminished employment status.

79. Additionally, Becirovic has incurred and will continue to incur attorney's fees, costs, and expenses of suit.

Electronically Filed - St Louis County - October 14, 2026 - 05:47 PM

80. Paycor's conduct was outrageous because of its evil motive or reckless indifference to the rights of Becirovic and, as such, warrants an award of punitive damages in such sum as will serve to punish Paycor and to deter it and others from like conduct.

**Wherefore,** Becirovic demands judgment against Paycor and prays for: (1) a sum of money in excess of $25,000 making Becirovic whole for the harm caused, including compensatory damages, back pay, front pay, lost bonuses and benefits, damages for emotional distress, humiliation, and diminished employment status; (2) temporary, preliminary, and/or permanent injunctive relief; (3) punitive damages to punish and deter future unlawful actions by Paycor; (4) costs and expenses of litigation and a reasonable sum for attorneys' fees; (5) pre-judgment interest; and (6) such other and further equitable and legal relief as this Court deems just and proper.

**JURY DEMAND**

**Plaintiff demands a trial by jury on all issues triable to a jury.**

Respectfully submitted this 14th day of October, 2026,

GATEWAY EMPLOYMENT LAW, LLC

*/s/Katie M. Rhoten*
Katie M. Rhoten, #69287
Robert L. Ortbals, Jr., #56540
1710 Fenpark Dr., Ste. #461
Fenton, MO 63026
(314) 325-8668
krhoten@gelawllc.com
rortbals@gelawllc.com

***Attorneys for Plaintiff***